DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of divorce entered in the Ottawa County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we reverse in part and affirm in part.
 {¶ 2} Appellant, Richard L. Kendall and appellee, Chris A. Kendall, were married in 1995. At the time of their divorce in 2004, they had three children, ages four, five and six. The parties were able to resolve all of the issues between them with the exception of the amount of child support arising from their shared parenting plan. Following a trial on April 30, 2003, the trial judge issued a detailed judgment entry ordering appellant to pay $971.41 per child, per month. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "I. The trial court erred and abused its discretion by miscalculating plaintiff/appellant's gross annual income for purposes of calculating plaintiff/appellant's child support obligation.
 {¶ 4} "II. The trial court erred by using the incorrect amount of spousal support to be paid by plaintiff/appellant to defendant/appellee, thereby causing an error in the calculation of plaintiff/appellant's child support obligation.
 {¶ 5} "III. The trial court erred and abused its discretion by `extrapolating' plaintiff/appellant's child support obligation after it found that the parties' gross annual income exceeded $150,000; and further erred and abused its discretion by awarding additional child support to defendant/appellee, even though there was insufficient evidence to do so."
 {¶ 6} We will initially consider appellant's second assignment of error. Appellant contends that the court used the wrong amount of spousal support to be paid to appellee in computing appellant's child support obligation. The parties stipulated that appellant would pay appellee spousal support in the amount of $1,551.25 per month or $18,615 per year. Appellant and appellee both agree that the trial court incorrectly used a spousal support amount of $14,321, or the annualized amount of appellee's temporary spousal support, in computing appellant's child support obligation. Appellant's second assignment of error is found well-taken.
 {¶ 7} In his first assignment of error, appellant contends that the court erred in calculating his gross income for purposes of determining his child support obligation.
 {¶ 8} A trial court has broad discretion in deciding child support matters. See Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than an error of law, it connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The factual findings of the trial court, however, must be supported by "some competent and credible evidence." See Wisintainer v. Elcen Power Strut Co. (1993),67 Ohio St.3d 352, 355. We must give deference to the trial court as the trier of fact because it is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. So long as the decision of the trial court is supported by some competent, credible evidence going to all the essential elements of the case, we will not disturb it. Masitto v. Masitto (1986), 22 Ohio St.3d 63, 66.
 {¶ 9} Child support is governed by R.C. 3119. R.C. 3119.01(C) (7) defines gross income as:
 {¶ 10} "[T]he total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; * * *"
 {¶ 11} In determining appellant's child support obligation, the trial judge considered the following facts. Appellee is a high school graduate who was last employed full-time in 1994, as a loan officer trainee at a bank. Appellee gave up her job to become a homemaker and the children's primary caretaker. During the pendency of the divorce, appellee went to work for a domestic cleaning business earning $35 per home. In 2002, appellee earned approximately $800 working for the cleaning business.
 {¶ 12} Appellant has served as an emergency room physician at Bellevue Hospital in Bellevue, Ohio, from 1993 to the present. From 1993 to 1997, appellant was an employee of Bellevue Hospital. In 1997, he became a contract employee of Healthserve, aka Primary Care Partners, Inc., continuing in his capacity as an emergency room physician at Bellevue Hospital. In 2002, appellant's employment with Healthserve ceased. Appellant is currently an employee with Quality Primary Care Partner, Inc., a
 {¶ 13} corporation which he formed and owns. Once again, he serves as an emergency room physician at Bellevue. The record shows appellant's five year earning history as follows:

 1997 — $239,570
 1998 — $196,421
 1999 — $192,497
 2000 — $201,638
 2001 — $214,000
 {¶ 14} For purposes of computing child support, the legislature has provided, to the courts, numerical guidelines for parties whose combined incomes are within the range of $6,000 and $150,000. See R.C. 3119.021. When the parties combined incomes exceed $150,000, the court looks to R.C. 3119.04(B) which states in pertinent part:
 {¶ 15} "If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order * * * shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents. The court * * * shall compute a basic combined child support obligation that is no less than the obligation that would have been computed under the basic child support schedule and applicable worksheet for a combined gross income of one hundred fifty thousand dollars, unless the court * * * determines that it would be unjust or inappropriate and would not be in the best interest of the child, obligor, or obligee to order that amount. If the court * * * makes such a determination, it shall enter in the journal the figure, determination, and findings."
 {¶ 16} In this case, the trial judge found that the needs of the children and their prior standard of living merited the court considering appellant's income in excess of $150,000. Specifically, the court held:
 {¶ 17} "Based on his income and his personal and living expenses, [appellant] has extraordinary discretionary income after payment of his taxes, social security, child and spousal support. His children are living since separation modestly in stark contrast to their prior life style. Their standard of living currently is dependent on their mother receiving both child and spousal support the latter terminating in the not too distant future. Their mother's maximum earning ability prior to responsibility for three young children was $7.21 per hour based on her lack of education. There are concerns about her health. She has no discretionary income now, other than a division of property. While [appellant] claims she can afford to pay cash for a residence/car with her property settlement, [appellant] has the same options to reduce his expenses."
 {¶ 18} The judge then concluded that for purposes of computing child support, appellant's annual income preceding trial was $213,479.96.[1]
 {¶ 19} On appeal, appellant contends that the trial judge erred in computing his gross income when she failed to consider all of his ordinary and necessary expenses against the gross receipts of his business. Appellant acknowledges that the judge did apply some of his ordinary and necessary expenses against his gross income. Appellant contends, however, that the judge's failure to apply all of his ordinary and necessary expenses against his gross income resulted in her using an excessively high and unrealistic figure for purposes of computing his child support obligation.
 {¶ 20} When determining the gross income of a self-employed parent, the trial court is to deduct ordinary and necessary expenses from the parent's gross receipts. Foster v. Foster, 150 Ohio App.3d 298,2002-Ohio-6390. A trial court is not required to "blindly accept all of the expenses" appellant claims are ordinary and necessary expenses incurred in generating gross receipts. Flynn v. Sender, 8th Dist. No. 84406, 2004-Ohio-6283, citing, Dressler v. Dressler, 12th Dist. No. CA2003-05-062, 2004-Ohio-2072.
 {¶ 21} It is clear from the judgment entry that the trial judge considered appellant's claim of legitimate ordinary and necessary business expenses. Apparently, the trial judge was not convinced that all of appellant's expenses met the definition of "ordinary and necessary business expenses" as that term is used in R.C. 3119.01. Among the expenses the trial judge included as proper deductions were costs for supplies, tuition for his continuing medical education, fees for his medical license and a portion of the utility payments for his personal residence. She did not include items such as his travel cost, child care cost or his contributions to his children's college fund. Recognizing that appellant is technically making less money as his own employee, the court noted that appellant was choosing to work only eight days a month or significantly less than when he was employed by others. Our review of this record shows that the trial court weighed the evidence, determined the credibility of the witnesses, and arrived at an estimate of appellant's business expenses that was not unreasonable or unconscionable.
 {¶ 22} However, given our determination of appellant's second assignment of error regarding the use of an improper figure in computing appellant's child support obligation, we must agree with appellant that the court arrived at an erroneous conclusion in determining appellant's gross income for purposes of child support. Accordingly, appellant's first assignment of error is found well-taken.
 {¶ 23} In his third assignment of error, appellant contends that that the trial judge abused her discretion by extrapolating his child support obligation because of the fact that the parties' gross income exceeds $150,000.
 {¶ 24} Contrary to appellant's assertion, R.C. 3119.04(B), effective in 2001, does not prohibit courts from extrapolating. Instead, the statute leaves the determination entirely to the court's discretion. The Eighth District Court of Appeals recently addressed this issue in Cyr v.Cyr, 8th Dist. No. 84255, 2005-Ohio-504. Acknowledging that an earlier version of R.C. 3119.04(B) required courts to extrapolate the amount of support, the court stated that:
 {¶ 25} "[N]othing in the new version of the statute, however, prohibits the court from using [extrapolation] to determine the amount of support due in high income cases; it merely no longer mandates that the court use this method. Moreover, the statute does not require any explanation of its decision unless it awards less than the amount awarded for combined incomes of $150,000. [A] trial court [does not err] therefore, if it used the extrapolation method to determine the amount of child support due."
 {¶ 26} Based on our review of the applicable statute, we concur with the reasoning of the Eighth District Court of Appeals and find appellant's third assignment of error not well-taken.
 {¶ 27} On consideration whereof, the court finds the judgment of the Ottawa County Court of Common Pleas, Domestic Relations Division, reversed in part and affirmed in part. This matter is hereby remanded to the trial court for reasons consistent with this decision. Costs are to be divided between the parties.
JUDGMENT REVERSED IN PART AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., concur.
[1] "For child support guideline purposes, plaintiff's income for the year prior to the date of trial, including seven months of 2002 with his former employer, one month of 2002 and four months of 2003 with his current employer is computed after considering his annual business deductions: supplies-$1,254.66; continuing medical education-$1,850.78; fees-$696.50; dues-$3,700; license-$305;disability insurance-$4,084; and utilities for a portion of his nine room personal residence for corporate purposes-$132.89, totaling $12,023.83 (Exhibit 1), and averaging $1,001.99 monthly.
7 months @ $18,299.63 = 128,097.41 5 months (@ $18,078.50 gross minus $1,001.99 expenses = $17,076.51) or $85,382.55 Total annual income from medical practice of $213,479.96 preceding trial."